UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__8/28/2023__
```

------------------------------------------------------------------X
: 
LEGACY CAPITAL 26, LLC,                                           :
:
                              Plaintiff,                          :
:
                                                                  :       22-cv-05758 (LJL)
                  -v-                                             :
:                     MEMORANDUM AND
                                                                  :            ORDER
CHALDEAN ENTERPRISE, LLC D/B/A SPEEDY                             :
WEEDY and FURAT NAJAH ALSAIGH,                                    :
:
                              Defendants.                         :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

         Plaintiff Legacy Capital 26, LLC ("Plaintiff") moves to compel arbitration and stay this

case pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.  Dkt. No. 13.  The motion is opposed

by Defendants Chaldean Enterprise, LLC ("Chaldean") and Furat Alsaigh ("Alsaigh" and with

"Chaldean," "Defendants"), who also have requested limited discovery into whether the

arbitration clause at issue was induced by fraud.  Dkt. No. 20 at ECF p. 21.  Plaintiff opposes

their request for limited discovery.  Dkt. No. 23 at ECF p. 24.  For the following reasons, the

request for limited discovery is granted and the motion to compel arbitration is therefore held in

abeyance.

         The case arises from a merchant cash advance ("MCA") agreement (the "Agreement")

entered into between Plaintiff and Chaldean, on April 27, 2022, providing on its face for

Plaintiff's purchase of 36% of Chaldean's future accounts receivable up to the sum of $447,000

for an upfront price of $300,000.  Dkt. No. 16-1 at ECF p. 2.  Alsaigh executed a guarantee of

Chaldean's obligations under the Agreement (the "Guaranty").  *Id.* at ECF pp. 14–17.  Plaintiff

alleges that Defendants breached the Agreement and Guaranty by refusing to provide Plaintiff

with Chaldean's accounts receivable.  Dkt. No. 1-1 at ECF pp. 6–7.  Defendants retort that the

Agreement is unenforceable because it is unconscionable and usurious and was the product of

fraud.  Dkt. No. 6 at ECF pp. 4–8.

"[I]n the Second Circuit, discovery on a motion to compel arbitration is appropriate

'when the party opposing arbitration comes forth with reliable evidence that is more than a naked

assertion . . . that it did not intend to be bound by the arbitration agreement, even though on the

face of the pleadings it appears that it did.'"  *Flores v. Nat'l Football League*, 2022 WL

3098388, at *2 (S.D.N.Y. Aug. 4, 2022) (alteration in original) (quoting *Morton v. Maplebear*,

2016 WL 616343, at *4 (S.D.N.Y. Feb. 9, 2016)).  If an "arbitration clause was induced by

fraud," then the defrauded party is not bound by that clause and "there can be no arbitration."

*Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 457 (2d Cir. 1995) (quoting *Robert Lawrence

Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 411 (2d Cir. 1959)).

Defendants have provided sufficient evidence to warrant limited discovery on whether

the arbitration clause was induced by fraud.  Defendants alleged that Plaintiff failed to disclose

that the two arbitral fora designated by the arbitration clause—Arbitration Services, Inc. ("ASI")

and Mediation & Civil Arbitration, Inc. ("M&C")—are "owned and operated by the MCA

industry and were specifically created to issue favorable decisions for MCA companies."  Dkt.

No. 20 at ECF pp. 7–8.  Defendants offered evidence that arbitrations in each forum are

primarily conducted by a single attorney.  *See id.* at ECF pp. 10, 12.  For ASI, that attorney's

arbitration business appears to depend overwhelmingly (if not completely) on the lawyer who

drafted the arbitration clause at issue here on behalf of Plaintiff.  *Id.* at ECF pp. 11–13.

Plaintiff's lawyer has apparently leveraged his connection with that arbitrator to secure favorable

rulings against out-of-state merchants like Defendants and improperly freeze their bank accounts.

*See id.*  Likewise, Defendants submitted evidence indicating that a single attorney-arbitrator at

M&C has issued nearly eight hundred arbitral awards in favor of just one MCA company.  *See*

*id.* at ECF p. 10.  The evidence could be read to suggest that M&C and ASI each consist of a

single arbitrator who performs nothing but MCA arbitrations that are brought based on MCA

agreements drafted by Plaintiff's attorney alone (or if not Plaintiff's attorney alone, a very small

group of connected counsel) that consign the counterparties to MCA agreements to those fora for

potential relief.  The inordinate number of awards, all of which appear to favor the MCA

industry, the substantial fees the arbitrator would earn therefrom, and the reliance of the

arbitrator on only one source of business together take Plaintiff's contention beyond naked

assertion and raise the concern that the arbitral fora exist solely to enforce MCA agreements in

favor of the MCA industry.[1]

　　　If credited and established by discovery, Defendants' evidence could lead to the

conclusion that Plaintiff had the kind of "superior knowledge" that required Plaintiff to disclose

its relation to the arbitral fora to Defendants before inducing Defendants to sign the arbitration

clause, *Jana L. v. W. 129th Street Realty Corp.*, 802 N.Y.S.2d 132, 134 (1st Dep't 2005)

(quotation omitted), such that Plaintiff's omission constituted fraud in the inducement.

　　　Plaintiff responds that it personally has no knowledge of any ties its lawyer or other

members of the MCA industry may have with ASI and M&C.  Dkt. No. 23 at ECF pp. 10–11.  It

---

[1] Nor are Defendants the first to challenge the fairness and neutrality of M&C.  When another
merchant sought to vacate an arbitral award that M&C issued in favor of an MCA company "on
the grounds that the arbitral forum deprived [the merchant] of due process in securing the
Arbitration Award, that there was 'evident partiality' of the arbitrator, that there was fraud and
misconduct, and that there was a manifest disregard of the law," the MCA company consented to
vacating the award, leading the court to order arbitration before a "newly appointed, neutral
arbitration organization."  *Dreamtex, Inc. v. Alva Advance, LLC*, 2023 WL 5390998, at *1–2
(S.D.N.Y. Aug. 22, 2023) (quoting 9 U.S.C. § 10(a)(2)).

also points out that it is represented by a different attorney in this litigation.  *Id.* at ECF p. 11.

Accordingly, Plaintiff argues it was under no duty to disclose those ties to Defendants when

entering into the arbitration clause.  *Id.* at ECF p. 13.  But "[t]he relationship between attorney

and client is that of principal and agent, and the basic laws of agency dictate that an agent's

knowledge is imputed to its principal."  *Novak v. TRW, Inc.*, 822 F. Supp. 963, 974 n.13

(E.D.N.Y. 1993) (citation omitted); *see also Wilmington Tr. v. MC-Five Mile Commercial*

*Mortg. Fin. LLC*, 99 N.Y.S.3d 11, 12 (1st Dep't 2019) ("[K]nowledge of defendant's counsel,

who is defendant's agent, is properly imputed to defendant.").  Thus, the law imputes the

knowledge of Plaintiff's lawyer regarding the relationship between the arbitral fora and the MCA

industry to Plaintiff itself and, as explained above, those relationships may constitute superior

knowledge giving rise to a fraudulent inducement claim.

Accordingly, the request for limited discovery is GRANTED.  The parties are ordered to

attend a conference on September 6 at 1:00 PM, during which they should be prepared to discuss

the length and scope of the limited discovery and at which the Court will set a deadline for such

discovery.  The parties are directed to dial into the Court's teleconference number at

888-251-2909, Access Code 2123101, and follow the necessary prompts.

Plaintiff's motion to compel arbitration, Dkt. No. 13, shall be held in abeyance pending

the limited discovery, *see NATS, Inc. v. Radiation Shield Techs., Inc.*, 2023 WL 2416160, at *2

(2d Cir. Mar. 9, 2023).


SO ORDERED.

Dated: August 28, 2023
       New York, New York

_____
             LEWIS J. LIMAN
        United States District Judge