USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/07/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEGACY CAPITAL 26 LLC,

Plaintiff,

-v-

CHALDEAN ENTERPRISE LLC d/b/a SPEEDY WEEDY and FURAT ALSAIGH,

Defendants.

22-cv-5758 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Legacy Capital 26, LLC moves, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm the October 9, 2024 arbitration award (the "Award") entered against Defendants Chaldean Enterprises LLC d/b/a Speedy Weedy ("Chaldean") and Furat Alsaigh ("Alsaigh" and, with Chaldean, "Defendants"). Dkt. No. 37. The motion is unopposed. For the reasons that follow, the motion is granted and the Award is confirmed.

**BACKGROUND**

The following facts are undisputed.

Plaintiff instituted this action in New York State Supreme Court, Kings County, on June 8, 2022. Dkt. No. 1-1. Plaintiff asserted a breach of contract claim against Chaldean for Chaldean's breach of the Sale of Future Receipts Agreement (the "Agreement") that Plaintiff and Chaldean entered into on April 26, 2022, and a breach of contract claim against Alsaigh for Alsaigh's breach of the Personal Guarantee of Performance ("Guarantee") that he executed in connection with the Agreement. *Id.* Defendants removed the case to this Court on July 7, 2022,

invoking diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1.[1] On February 13, 2023, Plaintiff moved the Court for an order compelling arbitration pursuant to the terms of the Agreement. Dkt. No. 13. Defendants opposed the motion on the grounds that the purported arbitral tribunals designated in the Agreement were shams that were specially created to issue favorable decisions for companies in the merchant cash advance industry and thus that they were fraudulently induced to enter the Agreement. Dkt. No. 20. The Court issued a memorandum and order dated August 28, 2023, granting Defendants' motion for limited discovery as to the issue of fraudulent inducement. Dkt. No. 26. On September 13, 2023, the parties agreed to arbitrate their dispute before the American Arbitration Association (the "AAA"), and the Court issued an order staying the case pending the completion of arbitration. Dkt. No. 27.

On or about November 3, 2023, Plaintiff commenced the arbitration by submitting a Demand for Arbitration with the AAA. Dkt. No. 28; Dkt. No. 39 ¶ 7. Defendants signed a letter agreement authorizing the AAA to conduct the arbitration, Dkt. No. 39 ¶ 8; Dkt. No. 39-2, and submitted an answer to Plaintiff's complaint to the AAA, Dkt. No. 39 ¶ 9; Dkt. No. 39-3. On November 28, 2023, the AAA conducted an administrative conference call with counsel for the parties. Dkt. No. 28; Dkt. No. 39 ¶ 10; Dkt. No. 39-4. On February 22, 2024, counsel for Defendants submitted their notice of withdrawal as attorneys for Defendants. Dkt. No. 39 ¶ 14; Dkt. No. 39-8. Thereafter, the AAA had correspondence with Alsaigh about the selection of an arbitrator. Dkt. No. 39-9 at ECF p. 3. From March 2024 to September 2024, the AAA issued letters which were sent to Alsaigh informing Defendants of the selection of an arbitrator, the date

---

[1] The complaint and notice of removal do not indicate the citizenship of the parties who are limited liability companies. An adequate pleading of diversity, however, is not "itself a necessary element of diversity jurisdiction." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001). Counsel represent that the members of Plaintiff are citizens of New York and the sole member of Chaldean is a citizen of California. Dkt. No. 21.

of the preliminary hearing, the relevant arbitration deadlines, the deadline for submitting an opposition to Plaintiff's claims, the closing of the arbitration hearing, its limited reopening, and that the arbitrator would render an award. Dkt. No. 39 ¶¶ 16-30. Alsaigh did not respond to the communications and did not participate in the arbitration.

On October 9, 2024, the AAA issued a letter to the parties with the arbitrator's award enclosed. The award ordered Defendants, jointly and severally, to pay Plaintiff $368,937.80 within 10 days of the October 9, 2024 award date. Dkt. No. 39 ¶ 31; Dkt. No. 39-1. The Award represented damages of $346,434 for the amounts due under the Agreement; attorneys' fees and expenses of $12,723.80; and administrative fees of the AAA and arbitrator compensation of $9,780. Dkt. No. 39-1.

Defendants have not paid any portion of the Award. Dkt. No. 39 ¶ 32.

Plaintiff filed this motion to confirm the arbitral award on September 29, 2025. Dkt. No. 37. That same day, the motion was served on Defendants by email to Alsaigh's email address and first-class United States mail to Chaldean and Alsaigh. Dkt. No. 40. Defendants have not responded to the motion.

**DISCUSSION**

The Second Circuit has instructed that when a party has submitted an uncontested motion to confirm an arbitral award, the court should treat the petition and accompanying materials "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). The court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then

summary judgment must be denied even if no opposing evidentiary material is presented." *Id.* The burden on the petition to confirm an arbitral award is not onerous. "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Id.* (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

The Court has examined the motion and the supporting materials and treats them as an unopposed motion for summary judgment. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). Based on a review of the materials submitted by Plaintiff and the applicable law, the Court concludes that "there is no genuine dispute as to any material fact" and that Petitioner is entitled to confirmation of the Award. Fed. R. Civ. P. 56(a).

**CONCLUSION**

Plaintiff's motion is granted. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff, confirming the Award in the amount of $368,937.80 payable jointly and severally by Defendants, and to close the motion at Dkt. No. 37.

SO ORDERED.

Dated: October 7, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge